UNITED STATES DISTRICT COURT
for the Eastern District of Virginia
(Richmond Division)

| | |
|---|---|
| MARC STOUT | * |
| JACQUELINE STOUT | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * Case No: 3:21cv476-JAG |
| | * |
| OFFICER RIDENOUR, et al. | * |
| | * |
| Defendants. | * |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

COMES NOW Defendant Officer Donald Lee Ridenour and hereby submits his Memorandum of Law in Support of his Rule 12(b)(6) Motion to Dismiss and in support thereof, states as follows:

**I.    INTRODUCTION**

The original Complaint in this case was filed July 22, 2021 and Defendant Ridenour was not included in that Complaint. Plaintiffs amended this Complaint on August 5, 2021. Service occurred on Defendant Ridenour on or about August 16, 2021, but this matter was not provided to counsel at that time. Plaintiffs then filed a second Motion to Amend and by Order dated September 20, 2021, plaintiffs' motion for leave to file a Second Amended Complaint was granted. Defendants were required to answer pursuant to the deadline of Federal Rule of Civil Procedure 15(A)(3).  Pursuant to Rule 15(A)(3), any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within fourteen (14) days after service of the amended pleading, whichever is later.  The Second Amended Complaint has never

1

been served on Ridenour. Nonetheless, Ridenour submits this Motion to Dismiss and Memorandum of Law.

## II.   ALLEGATIONS

The allegations in this case concerning Defendant Ridenour begin at paragraph 76 - 86. In essence, while there was a crowd of 300 protestors assembled near the courthouse in the City of Fredericksburg, and while Marc Stout was screaming profanity at the police, and the crowd declined to disburse pursuant to an unlawful assembly order, Ridenour sprayed pepper spray at Marc Stout. The Second Amended Complaint references various exhibits, none of which are attached to the Second Amended Complaint. Defendant Ridenour joins Defendants Baroody and Layton in their description of the facts and circumstances surrounding this occurrence as outlined and referenced in their Memorandum in Support of their Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 28 at pp. 2-4).

## III.   STANDARD OF REVIEW

The Court, in deciding a Rule 12(b)(6) motion, must take all well-pleaded material allegations of a Complaint as admitted and review them in the light most favorable to the plaintiff." DeSole v. United States, 947 F.2d 1169, 1171 (4th Cir. 1991). "[L]egal conclusions, elements of a cause of action, and bare assertions devoid a further factual enhancement fail to constitute well-pled facts for Rule 12(b) purposes." MenetChevrolet Ltd.ConsumerAffairs.com, Inc., 591 F.3d. 250, 255 (4th Cir. 2009). Pursuant to the standard established in Ashcraft v. Iqbal, 556 U.S. 662, 678 (2009), compliance with Fed. R. Civ. P. 8(a)(2) requires more than "labels and conclusions," and a Complaint must "state a claim to relief that is plausible on its face."  Id. Facts that are merely consistent with the defendant's liability are insufficient to state a plausible claim. *Id.*

In Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), and Ashcraft v. Iqbal the Court enhanced the burden plaintiffs must meet in order for their pleadings to survive a Rule 12(b)(6) motion. In Twombly, the Court rejected the prior rules set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Court stated that Conley's "no set of facts" standard has "earned its retirement" and the "phrase is best forgotten as an incomplete negative gloss on an accepted pleadings standard." Twombly, 550 U.S. at 563. Instead, the Twombly court stated that Fed R. Civ. P. 8 requires a greater showing - a complaint must present enough facts to state an entitlement to relief that is "plausible" on its face. Id. at 570.

In explaining the new standard, the Court in Twombly stated, "[w]hile, a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's [Rule 8(a)(2)] obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." Id. at 544 (citing Papason v. Allain, 478 U.S. 265, 286 (1986)). The Court emphasized, "[w]ithout some factual allegations in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Twombly, 550 U.S. at 556 n.3 (citing 5 WRIGHT & MILLER § 1202, at 94-95). Factual allegations must not only be made, they "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In Iqbal, the Court expanded on the standard for Rule 12(b)(6) motions to dismiss. The Court explained that, although it remained true post-Twombly that courts ruling on such motions to dismiss must accept the allegations set forth in the complaint as true, this tenet does not apply

3

to legal conclusions or "[t]hread bare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678. The Court explained that while Rule 8 marks a "departure from the hyper-technical code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. Rather, in order to survive a motion to dismiss, a plaintiff must support the legal conclusions in the complaint with factual allegations sufficient to state a plausible-*not merely possible*-claim for relief. Id. at 678-79 (emphasis added). Although pro se party pleadings are to be liberally construed, the pleading must still contain sufficient facts to state a claim for relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Iqbal, 556 U.S. at 678.

IV. **LEGAL ARGUMENT**

    A. Plaintiffs'[1] First Amendment Retaliation Claims Fail to State a Claim Against Defendant Ridenour Because the Subject Incident was an Unlawful Assembly, for which Officer Ridenour Properly Used Force in Order to Clear the Unlawful Assembly

Plaintiffs alleged that Officer Ridenour's use of pepper spray against Plaintiff Marc Stout "chilled Marc Stout's First Amendment rights to freedom of assembly, freedom of the press, freedom of speech, and freedom of expression." SAC at p. 23. However, after it was declared that there was an unlawful assembly and the protestors were ordered to disburse, Plaintiffs were no longer engaged in any activity protected by the First Amendment.

Virginia Code §18.2-406 defines an unlawful assembly as:

> Whenever three or more persons assembled share the common intent to advance some lawful or unlawful purpose by the commission of an act or acts of unlawful force or violence likely to jeopardize seriously public safety, peace or order, and the assembly actually tends to inspire persons of ordinary courage with well-

---

[1] Plaintiffs do not specify whether they both bring this claim against Officer Ridenour, however, the only allegations under Claim 11 are related to Officer Ridenour's interactions with Plaintiff Marc Stout. Plaintiff Jacqueline Stout has made no specific allegations or claims against Officer Ridenour.

4

grounded fear of serious and immediate breaches of public safety, peace or order, then such assembly is an unlawful assembly.

Any person who remains in place after an unlawful assembly has been declared "shall be guilty of a Class 3 misdemeanor." Va. Code § 18.2-407.

Plaintiffs allege that a crowd of some 300 protesters were in the street walking toward the courthouse at the scene of this occurrence. SAC at ¶ 32. Protesters knelt in the street. Id. at ¶ 39. The protesters remained in the street or on the sidewalk. Id. at ¶ 44. Protesters began kneeling and lying down in the street. Id. at ¶ 49. Marc Stout crossed the street to join the protesters. Id. at ¶ 53. Police announced that the protest was an unlawful assembly. Id. at ¶ 54. Stout began yelling profanities at the police. Id. at ¶ 76. Ridenour attempted to spray pepper spray at Stout but missed and Stout continued yelling profanities at Ridenour. Id. at ¶¶ 80-81. Ridenour then sprayed pepper spray on Stout. Id. at ¶ 84.

Simply stated, the events of May 31, 2020 where Stout was pepper-sprayed occurred during an unlawful assembly. Stout was voluntarily participating in the protest and yelling obscenities at the police who were attempting to disburse the crowd and clear the roadway. An unlawful assembly was declared and Stout made no effort to abide by the lawful order of the police department and instead defiantly was screaming profanities while standing in the street. He declined to end the unlawful assembly and his response was a profanity-laced effort to escalate the situation.

Officer Ridenour also joins, adopts, and incorporates Defendants Baroody and Layton's arguments in their Memorandum in Support of Motion to Dismiss Plaintiffs' Second Amended Complaint relating to Plaintiffs' failure to adequately allege sufficient facts to support a claim for First Amendment retaliation.

Accordingly Plaintiffs' First Amendment claims must be dismissed.

B. Plaintiffs'[2] Fourteenth Amendment Claims Fail to State a Claim Against Defendant Ridenour.

Plaintiffs allege that they are entitled to relief under the Fourteenth amendment, claiming Officer Ridenour used excessive force and "controlled, influenced, or restricted Mar Stout's freedom of liberty and movement, without due process, by pepper-spraying Marc Stout away from the area in question and by enforcing an unlawful assembly announcement against Marc Stout to force Marc Stout to leave the area." SAC p. 23.

As asserted above and below, Officer Ridenour was entitled to enforce the unlawful assembly declaration and Plaintiffs have failed to allege any facts to support a finding that the unlawful assembly declaration was inappropriate.

To the extent that Plaintiff is attempting to allege a violation of their Fourth Amendment rights, Plaintiffs' claim fails because they fail to allege that they were ever actually seized. Officer Ridenour allegedly sprayed Plaintiff Marc Stout and then 'strutted' away. Plaintiff Jacqueline Stout has not made any specific allegations against Officer Ridenour.

Officer Ridenour also joins, adopts, and incorporates Defendants Baroody and Layton's arguments in their Memorandum in Support of Motion to Dismiss Plaintiffs' Second Amended Complaint relating to Plaintiffs' failure to adequately allege sufficient facts to support a claim for a Fourteenth Amendment violation.

Accordingly Plaintiffs' Fourteenth Amendment claims must be dismissed.

---

[2] Plaintiffs do not specify whether they both bring this claim against Officer Ridenour, however, the only allegations under Claims 12 and 13 are related to Officer Ridenour's interactions with Plaintiff Marc Stout. Plaintiff Jacqueline Stout has made no specific allegations or claims against Officer Ridenour.

### C. Ridenour is Protected by the Doctrine of Qualified Immunity

Plaintiffs' claims against Officer Ridenour are barred pursuant to the qualified immunity doctrine. The doctrine of qualified immunity "shields government employees from civil liability unless their actions violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Rutherford v. City of Newport News, 919 F. Supp. 885, 896 (E.D.Va. 1996) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Courts have routinely held that qualified immunity is necessary "to ensure that government officials, who make numerous discretionary decisions in the course of a workday, are not held civilly liable unless it should have been clear that they were violating the law." Id. at 897. "Qualified immunity has particular importance for law enforcement officials, who frequently must make quick judgments in unsettled or uncertain situations." Id. Otherwise, "police officers might be held 'liable in hindsight for every injurious consequence of their actions,' which would undoubtedly 'paralyze the functions of law enforcement.'" Id. (quoting Pinder v. Johnson, 54 F.3d 1169, 1173 (4th Cir. 1995)).

Qualified immunity is determined using a "standard of objective reasonableness." Id. (citing Anderson v. Creighton, 483 U.S. 635, 639 (1987)). "For an individual official to be held liable, the 'contours of the [allegedly violated right] must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Id. (quoting Anderson, 483 U.S. at 640). The defendant is entitled to qualified immunity in this case if he acted with a reasonable and good faith belief that he was acting lawfully. Street v. Cherba, 662 F.2d 1037, 1039 (4th Cir. 1981).

Pursuant to Virginia Code Section 18.2-411,

> When any number of persons, whether armed or not, are unlawfully or riotously assembled, the sheriff of the county and his deputies, the police officials of the

7

> county, city or town, and any assigned militia, or any of them, shall go among the persons assembled or as near to them as safety will permit and command them in the name of the Commonwealth immediately to disperse. <u>If upon such command the persons unlawfully assembled do not disperse immediately, such sheriff, officer or militia may use such force as is reasonably necessary to disperse them and to arrest those who fail or refuse to disperse</u>. . . .

Va. Code § 18.2-411 (emphasis added). Furthermore,

> [n]o liability, criminal or civil, shall be imposed upon any person authorized to disperse or assist in dispersing a riot or unlawful assembly for any action of such person which was taken after those rioting or unlawfully assembled had been commanded to disperse, and which action was reasonably necessary under all the circumstances to disperse such riot or unlawful assembly or to arrest those who failed or refused to disperse.

Va. Code § 18.2-412.

First, Officer Ridenour is entitled to qualified immunity because Plaintiffs have failed to sufficiently state a cause of action amounting to a violation of their constitutional rights. <u>See</u> <u>Massey v. Ojaniit</u>, 759 F.3d 343, 354 (4th Cir. 2014) (granting motion to dismiss on the basis of qualified immunity because plaintiff had failed to state a claim on which relief can be granted).

Second, Officer Ridenour is entitled to qualified immunity pursuant to Virginia Code Section 18.2-412. As previously stated, this protest had been declared an unlawful assembly. After the unlawful assembly was declared, Plaintiff Marc Stout not only refused to disburse, but attempted to bait the responding officers by yelling obscenities at them. Officer Ridenour was attempting to disburse the unlawful assembly. Any reasonable officer would have believed that Officer Ridenour's conduct was lawful. Accordingly, he should be entitled to the qualified immunity privilege identified and recognized under Virginia law.  <u>See</u>, e.g. <u>Willingham v. Crooke</u>, 412 F. 3d 553, 558 (4th Cir. 2005).

Officer Ridenour also joins, adopts, and incorporates Defendants Baroody and Layton's arguments in their Memorandum in Support of Motion to Dismiss Plaintiffs' Second Amended

8

Complaint as it relates to the qualified immunity and as it pertains to him and his individual capacity as a City of Fredericksburg police officer.

**V.** **CONCLUSION**

WHEREFORE, the foregoing considered, the defendant, Donald Lee Ridenour, moves this court to dismiss this cause of action with prejudice and award him costs expended.

Dated: October 8, 2021     Respectfully Submitted,

**OFFICER DONALD LEE RIDENOUR**
By Counsel

/s/ *John D. McGavin*
John D. McGavin, Esq., VSB No. 21794
Emily K. Blake, VSB No. 90562
BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703) 385-1000 (telephone)
(703) 385-1555 (facsimile)
jmcgavin@bmhjlaw.com
eblake@bmhjlaw.com
*Counsel for Defendant Donald Lee Ridenour*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of October, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and I hereby certify that I have emailed and mailed by United States Postal Service the document to the following:

    Marc Stout
    30 Willow Branch Place
    Fredericksburg, VA 22405
    formulafocused@gmail.com
    *Plaintiff, pro se*

    Jacqueline Stout
    30 Willow Branch Place
    Fredericksburg, VA 22405
    formulafocused@gmail.com
    *Plaintiff, pro se*

    /s/ *John D. McGavin*
    John D. McGavin, Esq., VSB No. 21794
    Emily K. Blake, VSB No. 90562
    BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
    9990 Fairfax Boulevard, Suite 400
    Fairfax, Virginia 22030
    (703) 385-1000 (telephone)
    (703) 385-1555 (facsimile)
    jmcgavin@bmhjlaw.com
    eblake@bmhjlaw.com
    *Counsel for Defendant Donald Lee Ridenour*