UNITED STATES DISTRICT COURT
for the Eastern District of Virginia
(Richmond Division)

| | |
|---|---|
| MARC STOUT | * |
| JACQUELINE STOUT | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Case No: 3:21cv476-JAG |
| | * |
| OFFICER RIDENOUR, et al. | * |
| | * |
| Defendants. | * |

**DEFENDANT RIDENOUR'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

COMES NOW Defendant Officer Donald Lee Ridenour and hereby submits his Reply Memorandum of Law in Support of his Rule 12(b)(6) Motion to Dismiss and in support thereof, states as follows:

I. **LEGAL ARGUMENT**

A. Plaintiffs' First Amendment Retaliation Claims Fail to State a Claim

Plaintiffs' appear to be arguing that there was no probable cause for the unlawful assembly declaration and, therefore, any subsequent actions taken by Defendant Ridenour violated Plaintiffs' first amendment rights.[1]

This Court has already established that Virginia Code § 18.2-406 "closely follows the common law definition of unlawful assembly." United Steelworkers of Am. v. Dalton, 544 F.

---

[1] Again, Plaintiff Jacqueline Stout does not make any allegations against Defendant Ridenour. There are no allegations that Defendant Ridenour took any actions that impacted Plaintiff Jacqueline Stout. The only allegations involving Officer Ridenour are those that involve Officer Ridenour allegedly spraying Plaintiff Marc Stout with pepper spray.

1

Supp. 282, 289 (E.D.Va. 1982). Anytime an unlawful assembly is declared under Virginia Code § 18.2-406,

> it is not unreasonable to authorize the police to clear the streets. This is not a long term measure. Once order is restored, those engaged in lawful activity may return to the streets. But at the time of a disturbance, or when there is a clear and present danger of an immediate disturbance, the commonwealth requires that the police be able to take quick action. To require individual determinations of who is acting lawfully and who unlawfully would prove unduly burdensome. The ability of the police to restore order would be impaired; the restoration of order, unnecessarily slowed.

Id. Plaintiffs do not allege or argue that Virginia Code § 18.2-406 is either facially unconstitutional or unconstitutional as applied to them; it appears that they are arguing that there was not a sufficient basis for the declaration of unlawful assembly to be made.

From the allegations in the Second Amended Complaint, there was clearly probable cause to declare that the protests taking place on the night of May 31, 2020 were an unlawful assembly. On the night of May 31, 2020, traffic was at a halt in the downtown area. SAC ¶ 5. There were at least 300 people in the street outside of the City of Fredericksburg General District Court. SAC ¶ 32. Notably, there is no allegation that protestors requested any permits to close any streets in the downtown area on May 31, 2020 or that they had coordinated with the police department prior to the protest. Therefore, the totality of the circumstances[2] indicate that the City of Fredericksburg

---

[2] Throughout their Complaint, Plaintiffs reference the Police Executive Research Forum (PERF) report conducted in response to the protests in the City of Fredericksburg on May 31, 2020. See SAC ¶¶ 130 – 140. Plaintiffs also rely upon the PERF report in their Opposition. See Pl's Opp. at 2 (ECF No. 35). The full text of the PERF report can be found here: https://www.fredericksburgva.gov/DocumentCenter/View/18750/PERF-Final-Report-February-3-2021-PDF?bidId=. The PERF report details additional incidents on May 31, 2020 that are not detailed in the Complaint. See **Error! Main Document Only.**Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (holding **Error! Main Document Only.**the court may consider documents integral to the Complaint or specifically referenced by it without converting the motion into one for summary judgment). The PERF report details that "residents of Fredericksburg were calling 9-1-1, reporting illegal acts including vandalism, impeding traffic,

Police Department was dealing with a massive crowd of people who were unlawfully blocking streets and disrupting the peace. See Va. Student Power Network v. City of Richmond, 105 Va. Cir. 259, 261 (Va. Cir. Ct. 2020) ("Plaintiffs admitted that 150 people set up an encampment, blocked the city streets, and interfered with traffic, which provides a legal basis for a declaration of unlawful assembly.") (citing Owens v. Commonwealth, 211 Va. 633, 635 (1971) ("When clear and present danger of riot, disorder, interference with traffic upon the public streets, or other immediate threat to public safety, peace, or order, appears, the power of the State to prevent or punish is obvious.")).

Furthermore, it is not alleged that Officer Ridenour had any input into whether the protestors on May 31, 2020 should be declared an unlawful assembly. Rather, Officer Ridenour was following the directives of his supervising officers that, because an unlawful assembly had been declared, he was now tasked with clearing the streets, pursuant to Virginia Code § 18.2-411. Accordingly Plaintiffs' First Amendment claims must be dismissed.

> B. Plaintiffs' Fourteenth Amendment Claims Fail to State a Claim Against Defendant Ridenour.

In their Opposition, Plaintiffs recognize that they cannot simply make a "generalized 'excessive force'" claim and note that such claims are typically analyzed under either the Fourth Amendment or the Eighth Amendment. Plaintiffs do not, however, assert under which amendment they are pursuing their claims (and the Complaint only asserts a violation of the Fourteenth Amendment).

---

fighting, reckless driving, disorderly conduct, and the formation of barricades using materials at-hand." PERF report at p. 13. Additionally, "[d]ocuments provided to PERF by FPD, such as the department's internal after-action report, state that several acts of vandalism, such as spray painting, occurred" shortly before the unlawful assembly declaration was made in downtown City of Fredericksburg. Id.

3

Regarding any Eighth Amendment violation claim, Plaintiffs' claims must be dismissed as "the protections of the Eighth Amendment against cruel and unusual punishment are limited in scope to convicted prisoners . . . ." Morin v. Claire, 77 F.3d 116, 120 (5th Cir. 1996); see also Wilson v. Woods, Civil Action No. 3:16-cv-578-HEH, 2019 U.S. Dist. LEXIS 91799, at *13-14 (E.D.Va. May 30, 2019) (granting defendant's motion to dismiss as to plaintiff's excessive force claim under the Fourteenth Amendment and the Eighth Amendment because plaintiff did "not allege that any such excessive force was used when he was a pretrial detainee awaiting adjudication of guilt or after he was convicted and sentenced.").

Regarding any Forth Amendment violation claim, Plaintiffs do not allege that either one of them was seized by Officer Ridenour. "The Fourth Amendment covers only 'searches and seizures,' . . . neither of which took place here." Cty. of Sacramento v. Lewis, 523 U.S. 833, 844 (1998) (quoting U.S. Const. amend. IV).

Even if this Court were to consider Officer Ridenour's actions a 'seizure' of Plaintiff Marc Stout, Plaintiffs must sufficiently allege that Officer Ridenour lacked probable cause. See Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002). There was sufficient probable cause to show that Plaintiffs were violating Virginia Code § 18.2-406 (participating in an unlawful assembly) and § 18.2-407 (refusing to disperse after an unlawful assembly has been declared).

Thus, the only remaining claim is a standalone Fourteenth Amendment claim. Fourteenth Amendment violations only apply to executive actions when such actions would 'shock the conscience.' Cty. of Sacramento, 523 U.S. at 846. That is clearly not the case here and this claim must be dismissed with prejudice.

Plaintiff also argues that even if Officer Ridenour "had probable cause to enforce the unlawful assembly declaration, Defendant Ridenour's deployment of pepper-spray to Marc Stout's face was still unreasonable, and was excessive force."

Using pepper spray is not *per se* excessive force. This Court can consider that an unlawful assembly declaration had been made, SAC ¶¶ 54-55, Plaintiff was ordered to "leave this area immediately," SAC ¶ 55, Plaintiff Marc Stout chose to defy this order and remain, and Plaintiff Marc Stout elected to yell obscenities, SAC ¶ 76, and after Officer Ridenour's allegedly first pepper spray directed at Plaintiff Marc Stout missed, Plaintiff Marc Stout then continued to yell obscenities at Officer Ridenour, SAC ¶¶ 80-81.

Furthermore, Plaintiff suffered no lasting injuries. Neither Plaintiff sought medical attention and both of their alleged physical injuries subsided after two days. SAC ¶¶ 106-111.

Lastly, Plaintiffs again argue that "Defendant Ridenour . . . did not possess probable cause that the protestors were in the 'commission of an act or acts of unlawful force or violence likely to jeopardize seriously public safety, peace or order.'" Pl's Opp. at 6 (ECF No. 35) (citing Virginia Code § 18.2-406). However, the Complaint never alleges that Officer Ridenour declared the protestors to be an unlawful assembly; according to the Complaint, "Defendant Ridenour restricted Marc Stout's freedom of liberty and movement <u>by enforcing</u> an unlawful assembly announcement against Marc Stout." SAC at Claim 12, p. 23 (emphasis added). As argued above, Office Ridenour was entitled to enforce the declaration of unlawful assembly.

Accordingly Plaintiffs' excessive force claims must be dismissed.

### C. Officer Ridenour is Entitled to Immunity

An unlawful assembly had been declared. Officer Ridenour did not have any basis to believe that this declaration had been made unlawfully or in violation of anyone's rights. After an

unlawful assembly is declared, Virginia Code § 18.2-411 entitled Officer Ridenour to enforce the declaration, which he did. See Banks v. Town of Culpepper, Civil Action No. 93-0055-C, 1995 U.S. Dist. LEXIS 2633, at *29-30 (W.D.Va. Jan. 10, 1995) ("Virginia law enforcement officials also are statutorily authorized to disperse unlawful assemblies, even by the exercise of force [sic]. They are immune from liability in connection with actions taken in dispersing such unlawful assemblies.") (citing Va. Code §§ 18.2-411, 412).

"Police are charged to enforce laws until and unless they are declared unconstitutional" and "courts have consistently recognized that police officers may rely on the presumptive validity of statutes." Harrison v. Deane, 426 Fed. Appx. 175, 179-181 (4th Cir. 2011) (quoting Michigan v. DeFillippo, 443 U.S. 31, 38 (1979)). Virginia Code § 18.2-412 then provides that civil liability shall not be "imposed upon any person authorized to disperse or assist in dispersing a riot or unlawful assembly . . . ."

Plaintiffs do not contest that Virginia Code § 18.2-412 applies, they simply assert that "Defendant Ridenour did not possess probable cause to declare, or to enforce the declaration of, an unlawful assembly." As state above and in Officer Ridenour's Memorandum of Law, Officer Ridenour did not declare the unlawful assembly order and he had sufficient probable cause to enforce the declaration of unlawful assembly. Plaintiffs had every opportunity to leave after the unlawful assembly declaration was made. Plaintiff Marc Stout stayed in position in spite of the unlawful assembly declaration, even after tear gas was deployed, to yell obscenities at Officer Ridenour. SAC ¶¶ 54-65, 76-81. Plaintiffs' assertion is not a substantive response to Officer Ridenour's arguments that his actions are protected by qualified immunity.

6

Thus, because Officer Ridenour cannot be held civilly liable for his actions enforcing the unlawful assembly declaration, this Court must dismiss Plaintiffs' Second Amended Complaint with prejudice.

## II.     CONCLUSION

WHEREFORE, the foregoing considered, the defendant, Donald Lee Ridenour, moves this court to dismiss this cause of action with prejudice and award him costs expended.

Dated: October 18, 2021               Respectfully Submitted,

**OFFICER DONALD LEE RIDENOUR**
By Counsel


/s/ *Emily K. Blake*
John D. McGavin, Esq., VSB No. 21794
Emily K. Blake, VSB No. 90562
BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703) 385-1000 (telephone)
(703) 385-1555 (facsimile)
jmcgavin@bmhjlaw.com
eblake@bmhjlaw.com
*Counsel for Defendant Donald Lee Ridenour*